UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff/Respondent,<br><br>V.<br><br>ADALBERTO PINEDA SANTOS,<br><br>   Defendant/Movant. | Civil Action No. 5:22-CV-16-CHB-CJS<br>Criminal Action No. 5:19-CR-102-CHB-CJS-1<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant/Movant Adalberto Pineda Santos's Objections [R. 287] to Magistrate Judge Candace J. Smith's Report and Recommendation ("R&R"), which recommends denial of Santos's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [R. 285]. For the reasons set forth below, the Court will overrule Santos's Objections and adopt the Magistrate Judge's R&R as the opinion of the Court.

**I.**

In 2019, Santos was federally indicted on charges of conspiracy to distribute cocaine and conspiracy to commit money laundering. *See* [R. 1]; [R. 54]; [R. 104]. In March 2020, Santos pleaded guilty to the two charges and entered into a plea agreement with the United States. [R. 161]. Santos was sentenced to a term of imprisonment of 162 months on both counts, to be served concurrently, and Judgment was entered on October 29, 2020. [R. 228]. Santos did not appeal.

On January 10, 2022,[1] Santos filed a motion to vacate his sentence under 28 U.S.C. § 2255. [R. 266]. In his motion, Santos sets forth four claims for relief. He first argues defense counsel erroneously failed to file a direct appeal. *Id.* at 4. Santos then presents three ways his attorney allegedly provided him with ineffective assistance of counsel. *Id.* at 5–8. On page twelve of the motion, Santos acknowledges his request for relief is untimely. *Id.* at 12. Nevertheless, Santos asks the Court to accept his motion, stating that "[d]ue to Covid 19 restrictions currently in place in the institution, petitioner has been hindered to submit the petition in a timely manner." *Id.*

Consistent with the Court's local practice, and pursuant to 28 U.S.C. 636(b), the matter was referred to United States Magistrate Judge Candace Smith for preparation of a report and recommendation. Upon review, Magistrate Judge Smith recognized the timeliness of Santos's motion as a matter of preliminary concern, and she gave both Santos and the United States an opportunity to submit further briefing on the issue. [R. 277]; [R. 280]; [R. 283]. After considering their filings and reviewing the relevant legal authority, Magistrate Judge Smith ultimately concluded that Santos's petition should be dismissed. [R. 285]. Santos has field objections to Magistrate Judge Smith's recommendation. [R. 287].

**II.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions to vacate brought under 28 U.S.C. § 2255 are generally subject to a one-year limitations period. The relevant statutory provision requires a federal criminal defendant to file his or her § 2255 motion within one year of the date the conviction becomes final. 28 U.S.C. § 2255(f)(1). In limited circumstances, a defendant may be entitled to equitable tolling of this one-year period if:

---

[1] While the Clerk of the Court docketed Santos's motion on January 25, 2022, the "prison mailbox rule" deems Santos's motion filed on the date it is signed and delivered to proper prison officials for mailing. *See, e.g., Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

(1) he demonstrates that he was pursuing his rights diligently; and (2) he demonstrates that some extraordinary circumstance stood in his way of filing. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Courts nationwide have recognized the delays caused by the COVID-19 pandemic and agreed that the pandemic *could* potentially provide grounds for equitable tolling. That said, for a defendant to be entitled to equitable tolling on the basis of COVID-19, the defendant must explain specifically how and why he was prevented from filing because of the pandemic. A general appeal to pandemic restrictions will not suffice. *See, e.g.*, *United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis.").

In her R&R, Magistrate Judge Smith correctly laid out the law described above and collected relevant cases from around the country. *See* [R. 285, pp. 4–8]. Magistrate Judge Smith explained that it is the movant's burden—i.e., Santos's burden—to demonstrate his entitlement to equitable tolling. *Id.* at 8. Magistrate Judge Smith compared Santos's case to other cases where defendants were or were not granted equitable tolling. And she specifically considered those cases which Santos cited and relied upon in his briefing. *Id.* at 5–6.

Ultimately, Magistrate Judge Smith concluded that the record lacked proof that Santos had diligently pursued his rights with respect to the instant motion. Further, Magistrate Judge Smith found Santos failed to demonstrate that a specific extraordinary circumstance, beyond the pandemic generally, prevented him from timely filing. While Santos referred to COVID-19 as a hardship for him and other prisoners at his facility, Magistrate Judge Smith noted that Santos did not specifically explain why he was uniquely prevented from filing his motion when many other

3

prisoners succeeded in doing so. Accordingly, Magistrate Judge Smith concluded the § 2255 motion should be denied as untimely filed. *Id.* at 8.

Santos was given an opportunity to file objections to Judge Smith's R&R and chose to do so. [R. 287]. The Court reviews his objections below.

### III.

The district court reviews *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where no objections are made, the Court is not required to review a movant's claims. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Likewise, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Santos sets forth a number of objections to the R&R. *See generally* [R. 287]. However, none of these constitute "proper" objections for purposes of Federal Rule of Civil Procedure 72(b)(3). First, Santos reiterates that *pro se* litigants are entitled to leniency. *Id.* at 2. Next, Santos restates verbatim the information he already provided the Court about the restrictions he faced within Federal Bureau of Prisons ("BOP") facilities during the height of the pandemic. *Id.* at 2–3. Santos then suggests he should not have to include more specific details about the restrictions and other lockdown conditions he experienced because the Government did not provide those kinds of specific details in its response to his motion. *Id.* at 3. Finally, Santos cites a number of cases wherein habeas movants were afforded equitable tolling, and he restates his belief that he pursued his rights diligently. *Id.* at 4–6.

4

It is true, of course, that *pro se* filings are construed more liberally than those by parties proceeding with the assistance of counsel. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Still, "[o]bjections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are . . . improper." *United States v. David*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019), *aff'd*, No. 20-5835, 2021 WL 5782360 (6th Cir. Dec. 7, 2021). Here, Santos has not articulated any specific objections to Magistrate Judge Smith's R&R beyond his challenge to the burden of proof and his ultimate disagreement with the R&R's conclusions. With respect to Santos's argument that he should not have to provide specific details regarding BOP restrictions because the Government did not provide such information, *see* [R. 287, p. 3], the burden of proof to establish equitable tolling is on the movant, not the United States. Magistrate Judge Smith rightly pointed this out in her R&R. [R. 285, pp. 4, 8]. Further, although Santos cites case law where other habeas petitioners were afforded equitable tolling, he wholly fails to explain how those cases are situationally analogous to his own. *See* [R. 287, pp. 5–6]. And while Santos asserts he "diligently pursued all avenues available to him to timely file[] his habeas petition in court," *id.* at 6, he fails to explain how exactly he did so.

Despite the repetitive and conclusory nature of Santos's objections, the Court has reviewed the pertinent case law *de novo* and concludes this is not the type of unique case where equitable tolling is warranted. The Court acknowledges the unprecedented nature of the COVID-19 pandemic, the resulting increased lockdowns, and the decreased access to BOP services, including the law library. But "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States*, No.

5

17-1603, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (collecting cases). Furthermore, while Santos asserts generally that he was pursuing his rights diligently, he fails to explain *how*, and the record in this respect is not his friend. After Santos was sentenced on October 23, 2020, the Court received no letters, motions, or filings of any kind from him until the instant motion was received in January 2022. *See* [R. 228]; [R. 266]. If Santos was absolutely prohibited from sending mail during that time, he has failed to say so. He thus ultimately fails to demonstrate that he is entitled to equitable tolling, and his motion is properly dismissed as untimely.

Finally, the Court finds that a Certificate of Appealability should not issue. Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court should grant a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In her R&R, Magistrate Judge Smith determined that reasonable jurists would not debate the denial of Santos's motion. [R. 285, p. 9]. Santos did not object to this portion of the R&R, and this Court agrees with Magistrate Judge Smith that a certificate of appealability is inappropriate because Santos has not made the required showing. As such, no Certificate of Appealability shall issue.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. The Court **OVERRULES** Santos's Objections [**R. 287**].

2. As supplemented by this Order, the Court **ADOPTS** Magistrate Judge Smith's R&R [**R. 285**] as the opinion of this Court.

6

    3.       The Court **DENIES** Santos's motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255 [**R. 266**].

    4.       The Court **DENIES** a certificate of appealability.

    5.       Judgment will be entered contemporaneously herewith.

This the 8th day of February, 2024.

*[Signature]*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY